**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                       CRIMINAL ACTION NO. 1:09-cr-00067-02

ANTHONY IRA KRITT,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendant Anthony Kritt's Motion to Dismiss Indictment for Lack of Venue or, in the Alternative, to Transfer to the District of Maryland [Docket 29]; Motion to Dismiss [Docket 34]; and Motion for Bill of Particulars [Docket 36]. By Order of Reference filed on March 26, 2009, this Court referred this matter to United States Magistrate Judge R. Clarke VanDervort "for the purpose of doing all things proper to hear and determine or make recommendations for disposition of any pretrial motions filed in this case including, without limitation, conducting a hearing on the motions, if necessary, and entering into the record a written order setting forth the disposition of the motion or recommendation for disposition, as the case may be." (Docket 7 at 1). Magistrate Judge VanDervort filed his Proposed Findings and Recommendation ("PF&R") on November 19, 2009. [Docket 79]. In that filing, Magistrate Judge VanDervort recommended that the undersigned deny Defendant Kritt's motions.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to

which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of de novo review and Defendant's right to appeal this Court's order. *See Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

However, a defendant must cite to specific instances of error. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir.2007) (stating that "[28 U.S.C. ] Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made.*") (internal citations and quotations omitted) (emphasis in original). As the Fourth Circuit further stated in *Midgette*:

> [a] party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection . . . . To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

*Id.* at 622. *See also* Fed. R. Crim. P. 59(b)(2) (requiring objecting party to file "*specific*, written objections to the proposed findings and recommendations") (emphasis added).

Here, objections to Magistrate Judge VanDervort's PF&R were due by December 7, 2009, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59. Defendant Kritt timely filed objections on December 2, 2009. [Docket 84]. The undersigned now reviews de novo the portions of Magistrate Judge VanDervort's PF&R to which Defendant Kritt objected.

2

*I. BACKGROUND*

Defendant Anthony Kritt is a Maryland resident and attorney. He was charged—along with Dr. Randy Michael Brodnik, an osteopathic physician in Bluefield, West Virginia—in six counts of a seven count Indictment filed on March 18, 2009. That Indictment charged Defendant Kritt with conspiring to defraud the United States of income taxes through "an elaborate 'employee-leasing' scheme" in violation of 18 U.S.C. § 371 (Count One) and separate counts of income tax evasion for tax years 1999 (Count Three), 2000 (Count Four), 2001 (Count Five), 2002 (Count Six) and 2003 (Count Seven) in violation of 26 U.S.C. § 7201. [Docket 1]. By Superseding Indictment filed on November 3, 2009, the United States added Count Eight, which charged that Defendants "did endeavor to corruptly obstruct and impede, and did corruptly obstruct and impede, the due administration of the internal revenue laws" and aided and abetted each other in doing so in violation of 26 U.S.C. § 7212(a) and 18 U.S.C. § 2. [Docket 66 at 37]. The Superseding Indictment also added Defendant Kritt to Count Two, income tax evasion for the 1998 tax year. A Second Superseding Indictment, filed on June 2, 2010, removed Count Seven of the Superseding Indictment for both Defendants.

Magistrate Judge VanDervort's PF&R of November 19, 2009 proposed that the Court deny Defendant Kritt's motion to dismiss indictment for lack of venue, or, in the alternative, to transfer to the District of Maryland. He also proposed that Defendant Kritt's motion to dismiss and motion for a bill of particulars be denied.

Defendant Kritt filed five objections to the PF&R, four of which the Court reviews today.[1]

The Court will review his objections in turn.[2]

## II. OBJECTIONS AND DISCUSSION

*A. Venue*

Defendant Kritt objects to Magistrate Judge VanDervort's proposed finding on venue:

> Defendant maintains venue is inappropriate because it has not been specifically pled in the indictment. Alternatively, venue is more convenient for Defendant in the district of Maryland. On page 8 of the Magistrate Judge's decision he states "The Indictment does not state specify which overt and affirmative acts occurred here." He then goes on to erroneously conclude that because Defendant Brodnik's corporation is located in West Virginia, venue is proper. The indictment must provide the Defendant with adequate information in order to prepare a defense. It fails to do so with respect to venue.

(Docket 84 at p. 1). Some of this objection by Defendant Kritt is generalized, and does not require de novo review. His argument that "[t]he Indictment does not state specify which overt and affirmative acts occurred here" is a generalized objection that simply repeats the argument that he made in his original motion to dismiss the indictment for lack of venue. It does not provide the undersigned with sufficient specificity as to the true ground for said objection. Accordingly, the

---

[1] Defendant Kritt's first objection relates to Magistrate Judge VanDervort's proposed finding on Defendant Kritt's argument that the applicable tax law was undecided. However, that argument, part of Defendant Kritt's motion to dismiss, was reiterated by Defendant Kritt in his motion to dismiss the Superseding Indictment. That argument was addressed in the court's memorandum opinion of April 29, 2010 [Docket 138]. Accordingly, this Court **OVERRULES** said objection.

[2] Defendant Kritt again raised the issues of the statute of limitations and multiplicity in his motion to dismiss the Superseding Indictment. In his PF&R of February 17, 2010, Magistrate Judge VanDervort addressed those arguments by referring to the PF&R currently at issue in this memorandum opinion. Defendant Kritt did not file any objections to that particular proposed finding, thus possibly waiving review of those issues. However, out of an abundance of caution, the undersigned will assume that Defendant Kritt intended these objections to apply to the PF&R of February 17, 2010, and will thus review Magistrate Judge VanDervort proposed findings on those matters.

undersigned will only review Defendant Kritt's contentions that venue was not specifically pled; that Magistrate Judge VanDervort erroneously concluded that venue in the Southern District of West Virginia is proper because Defendant Brodnik's medical practice was located in Bluefield, West Virginia; and that the indictment failed to provide Defendant Kritt with adequate information on venue for his defense.

Defendant Kritt's objections on the matter of venue are unfounded. Contrary to his assertions, the Court finds that venue was pled in the indictments in this case, and that the indictments provided Defendant Kritt with adequate information regarding venue in order to prepare a defense. Paragraph 7 of Count One alleges that Defendants conspired within the Southern District of West Virginia, and Paragraph 12 of said Count alleges that various overt acts (enunciated in Paragraphs 13 through 45) were committed by Defendant Kritt within the Southern District of West Virginia. Further, Paragraph Two of Counts Two through Six of the Second Superseding Indictment allege that Defendants, "in the Southern District of West Virginia and elsewhere" did attempt to evade Defendant Brodnik's tax obligations.

Defendant Kritt's objection that Magistrate Judge VanDervort erroneously concluded that venue in the Southern District of West Virginia is proper due to the location of Defendant Brodnik's medical practice is also unfounded. The Constitution gives criminal defendants the right to be tried in the judicial district in which the offenses occurred. *United States v. Griley*, 814 F.2d 967, 973 (4th Cir. 1987). This right is included in Article III, Section 2 of the Constitution (stating that "[t]he trial of all crimes . . . shall be held in the state where the said crimes shall have been committed") and the Sixth Amendment (stating that "the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed"). Further,

5

Rule 18 of the Federal Rules of Criminal Procedure states that except as otherwise permitted, "the government must prosecute an offense in a district where the offense was committed. However, the Constitution "requires only that venue be determined from the nature of the crime and the location of the acts constituting it." *United States v. Cofield*, 11 F.3d 413, 419 (4th Cir.1993).[3]

An indictment that is returned by a legally constituted and unbiased grand jury is, if valid on its face, enough to call for a trial on the merits. *Costello v. United States*, 350 U.S. 359, 408-09 (1953). A court does not need to look behind an indictment to see if it is supported by adequate or competent evidence. *See United States v. Mills*, 995 F.2d 480, 487 (4th Cir. 1993) (stating that "courts lack authority to review either the competency or sufficiency of evidence which forms the basis of an indictment and may not quash indictments when the errors which produce them, such as prosecutorial misconduct or violation of a statute, do not affect substantial rights."). An indictment must contain the elements of the charged offense, and sufficiently apprise the defendant of what he must be prepared to meet.

The Court finds that venue in the Southern District of West Virginia is proper, given the allegations of the Second Superseding Indictment, and will "not . . . look behind [the indictments in this case] to see if it is supported by adequate or competent evidence." *Mills*, 995 F.2d at 487. The Court also finds that the Second Superseding Indictment has provided Defendant Kritt with sufficient information to prepare a defense with respect to venue, as it alleges acts within the

---

[3] While the U.S. Constitution, Bill of Rights, Federal Rules of Criminal Procedure, and federal law give defendants the right to be tried in the judicial district in which the offense(s) occurred, they do not guarantee defendants the right to the venue that is "more convenient" for them when venue is otherwise proper in a different judicial district. The undersigned accordingly dismisses the objection/contention of Defendant Kritt that venue in the District of Maryland would be "more convenient." However, the undersigned will review the possibility of venue in the District of Maryland in reviewing Defendant Kritt's third objection to the PF&R. *See* Part II.B, *supra*.

6

Southern District of West Virginia. Accordingly, Defendant Kritt's second objection is **OVERRULED**.

*B. Transfer*

In his third Objection, Defendant Kritt takes issue with Magistrate Judge VanDervort's proposed finding on transfer. He argues that in his discussion of the issue of transfer, Magistrate Judge VanDervort "erroneously places cost to the United States over the important considerations for the Defendant to be tried in his home state." (Docket 84 at 2). The Court finds that this objection is without merit.

There are ten factors to consider in determining whether transfer of a proceeding to another District is appropriate: "(1) location of corporate witnesses; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer."[4] *Platt v. Minnesota Mining & Manufacturing Co.*, 376 U.S. 240, 243-44 (1964). To merit a transfer, a defendant must show that the prosecution in the district where the count was properly returned will result in a substantial balance of inconvenience to the defendant. *United States v. Hurwitz*, 573 F. Supp. 547, 552 (S.D. W. Va. 1983) (Haden, C.J.). Moreover, a defendant's residence is only relevant in the presence of other factors. *United States v. Quinn*, 401 F. Supp.2d 80, 86-87 (D.D.C. 2005) (stating that "although the defendant's residence is 'a factor to be considered,' it is 'not the

---

[4] A possible eleventh factor, a volcanic eruption in the Southern District of West Virginia, *see United States v. McDonald*, 740 F. Supp. 757, 763-64 (D. Alaska 1990), does not appear to be currently at issue in this case.

controlling factor,' and indeed its significance derives 'solely from its relationship to the convenience of witnesses, records, and counsel.'") (internal citations omitted); *see also United States v. Spy Factory, Inc.*, 951 F. Supp. 450, 463-65 (S.D.N.Y. 1997) (recognizing a "general presumption that 'a criminal prosecution should be retained in the original district.'") (internal citations omitted) (Sotomayor, J.).

Magistrate Judge VanDervort concluded in the PF&R that transfer to the District of Maryland would inconvenience Defendant Brodnik, and that severance of the Defendants would inconvenience the United States. He also found that the

> scheme alleged in the Indictment involved a West Virginia entity and funds which Defendant Brodnik earned as a doctor in Southern West Virginia, and some of the overt and affirmative acts in furtherance of the scheme allegedly occurred in the Southern District of West Virginia. These are the most important factors weighing against transfer. The remaining factors do not affect the balance. Wherever this matter is docketed, Defendant will experience a disruption of his business as he attends Court proceedings and trial. Defendant is well represented in this District, and documents and records are easily copied and transported wherever they were originally located.

(Docket 79 at 11). After de novo review, the Court finds no error. Magistrate Judge VanDervort did not erroneously place cost to the United States over other considerations, and correctly concluded that the above factor—the location of events likely to be in issue—and the others were the most important considerations. Accordingly, the Court **OVERRULES** Defendant Kritt's third objection.

*C. Statute of Limitations*

Defendant Kritt, in his fourth objection, disagrees with Magistrate Judge VanDervort's proposed finding on the statute of limitations. Magistrate Judge VanDervort disagreed with Defendant Kritt's contention that the six year statute of limitations under 26 U.S.C. Sec. 6531

applies to Counts Three, Four, and Five of the Indictment. In his objection, Defendant Kritt simply states that "[o]n pages 14, 15, and 16 the Magistrate Judge discusses the issue of the statute of limitations. He then concludes that because the last affirmative act occurred five months before indictment, the statute of limitations has not run. The government knows Tony Kritt had nothing to do with the last affirmative act." (Docket 84 at 2). This statement does not cite to an error on the part of Magistrate Judge VanDervort, but rather to the thought processes of the United States. This statement also merely repeats the arguments of Defendant Kritt's memorandum in support of his motion to dismiss, where he wrote "[a]ssuming the filing of an amended return which discloses offshore funds is an affirmative act of evasion, Mr. Kritt had nothing to do with the amended returns. His involvement with Dr. Brodnik had ended years previous and Dr. Brodnik filed the amended return per the guidance of a different lawyer." (Docket 35 at 23). The undersigned accordingly declines to review this generalized objection, as it does not provide the undersigned with sufficient specificity as to error on the part of Magistrate Judge VanDervort, and **OVERRULES** it.

*D. Multiplicity*

Finally, Defendant Kritt objects to Magistrate Judge VanDervort's proposed finding that there was no multiplicity in the indictment. In his objection, Defendant Kritt argues that Magistrate Judge VanDervort's analysis "is incorrect because the same conspiracy language is contained in all counts of the indictment." (Docket 84 at 2).

However, this objection is without merit. "Multiplicity . . . is 'the charging of a single offense in several counts.' The signal danger in multiplicitous indictments is that the defendant may be given multiple sentences for the same offense ." *United States v. Burns*, 990 F.2d 1426, 1438 (4th Cir. 1993) (internal citation omitted). When the same criminal conduct is alleged as the basis

9

for two offenses, the Court is required "to look to whether each charged offense requires proof of some fact that the other does not require." *United States v. Goodine*, 400 F.3d 202, 207 (4th Cir. 2005), citing *Blockburger v. United States*, 284 U.S. 299, 304 (1932). As noted, Defendant Kritt is charged with conspiring to defraud the United States of income taxes in violation of 18 U.S.C. § 371 (Count One) and separate counts of income tax evasion for tax years 1998 (Count Two), 1999 (Count Three), 2000 (Count Four), 2001 (Count Five), and 2002 (Count Six) in violation of 26 U.S.C. § 7201. To prove a violation of 18 U.S.C. § 371, the United States must show "'(1) the existence of an agreement, (2) an overt act by one of the conspirators in furtherance of the [agreement's] objectives, and (3) an intent on the part of the conspirators to agree, as well as to defraud the United States.'" *United States v. Vogt*, 910 F.2d 1184, 1202 (4th Cir. 1990). Further, "[t]o obtain a conviction under [26 U.S.C. § 7201], the Government must prove willfulness, a substantial tax deficiency, and an affirmative act constituting an attempted evasion of the tax." *United States v. Goodyear*, 649 F.2d 226, 227-28 (4th Cir. 1981). Even though conspiracy language is contained in both Count One and Counts Two through Six, these counts, respectively, require proof of some fact that the others do not require. Accordingly, Defendant Kritt's objection is **OVERRULED**.

*III. CONCLUSION*

For the reasons stated above, the Court **OVERRULES** Defendant Kritt's Objections [Docket 84], **ADOPTS** the PF&R [Docket 79], and **ORDERS** Defendant Kritt's Motion to Dismiss Indictment for Lack of Venue or, in the Alternative, to Transfer to the District of Maryland [Docket 29]; Motion to Dismiss [Docket 34]; and Motion for Bill of Particulars [Docket 36] **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, and the United States Attorney.

ENTER: June 8, 2010

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA